UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
File No:

| | |
|---|---|
| Joseph E. Blackburn, Jr. and wife, Linda C. Blackburn, and all similarly situated individuals<br>　　　Plaintiffs<br><br>　　vs.<br><br><br>Dare County, the Towns of Duck, Southern Shores, Kitty Hawk, Kill Devil Hills, Nags Head, and Manteo,<br>　　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CLASS ACTION COMPLAINT AND DEMAND FOR TRIAL BY JURY** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CLASS ACTION COMPLAINT AND
## DEMAND FOR TRIAL BY JURY

Plaintiffs, Joseph E. Blackburn, Jr. and wife, Linda C. Blackburn, on behalf of themselves and all others similarly situated, by and through their undersigned counsel, brings this action against Dare County, the Towns of Duck, Southern Shores, Kitty Hawk, Kill Devil Hills, Nags Head, and Manteo, for taking of private property in violation of the, 42 USC §1983, the 5th and the 14th Amendments of the United States Constitution.

### NATURE OF THE ACTION

### JURISDICTION & VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1332(d)(2)(A), the Class Action Fairness Act, because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs, and at least

1

one member of the class of plaintiffs is a citizen of a state different from Dare County, North Carolina. Furthermore, this action arises under a federal statue, 42 USC §1983, and as such presents a question of federal law and the United States District Court in the Eastern District of North Carolina is the proper place for jurisdiction.

2. Venue is proper in the Eastern District pursuant to 28 U.S.C. Section 1391(b) and (c), because Dare County and the Defendant Towns are subject to personal jurisdiction in this district, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

**PARTIES**

3. The Plaintiffs, Joseph E. Blackburn, Jr. and wife, Linda C. Blackburn, are residents of Richmond, Commonwealth of Virginia.

4. The Plaintiffs are non-resident owners of real property in Dare County, North Carolina.

5. Defendant, Dare County, is a body politic, created, and existing under the laws of the State of North Carolina. The Defendant, Towns of Duck, Southern Shores, Kitty Hawk, Kill Devil Hills, Nags Head and Manteo are bodies politic, created, and existing under the laws of the State of North Carolina.

2

**FACTS**

6. The Chairman of the Dare County Board of Commissioners is and was at all relevant times, Robert L. Woodard. Pursuant to Article 1A of Chapter 166A of the North Carolina General Statutes and Chapter 92 Emergency Management of the Dare County Code of Ordinances, the Chairman of Dare County Board of Commissioners was authorized to declare a state of emergency and impose restrictions and prohibitions within Dare County.

7. Pursuant to Article 1A of Chapter 166A of the North Carolina General Statutes and Chapter 92 Emergency Management of the Dare County Code of Ordinances, and by interlocal agreements, the Towns of Duck, Southern Shores, Kitty Hawk, Kill Devil Hills, Nags Head, and Manteo could consent to and join into any declaration of emergency by the Chairman of the Dare County Commissioners.

8. Any and all declarations of emergencies by the Dare County Board of Commissioners as enacted, were binding upon Dare County, the Towns of Duck, Southern Shores, Kitty Hawk, Kill Devil Hills, Nags Head, and Manteo.

9. On March 16, 2020, Dare County declared a state of emergency due to unprecedented public health posed by COVID-19 as it has a right to do. Attached hereto is a copy of said Declaration of a State of Emergency, identified as Exhibit 1 which is incorporated herein by reference.

10. On March 17, 2020 at 2:00 p.m., the Defendants, through the Chairman of the Dare County Board of Commissioners, issued a "DECLARATION IMPOSING ADDITIONAL RESTRICTIONS AND PROHIBITIONS UNDER DARE COUNTY STATE OF EMERGENCY DECLERATION FOR COVID-19", a copy of which is attached hereto identified as Exhibit 2 and incorporated herein by reference which not only prevented

3

Case 2:20-cv-00027-FL    Document 1    Filed 05/15/20    Page 3 of 9

mass gatherings but prohibited entry into Dare County by non-resident visitors and made a violation of said declaration punishable as a Class II Misdemeanor in accordance with N.C.G.S. 14-288.20A.

11. On March 16, 2020, under "A DECLARATION IMPOSING ADDITIONAL RESTRICTIONS AND PROHIBITIONS UNDER DARE COUNTY STATE OF EMERGENCY DECLARATION FOR COVID-19" which was effective on March 20, 2020 at 10:00 p.m., the Defendants, through the Chairman of the Dare County Board of Commissioners, imposed an additional restriction prohibiting the entry of all non-resident property owners into Dare County and made the entry of non-resident property owners a Class II misdemeanor in accordance with N.C.G.S. 14-288.20A. A copy of said Declaration is attached hereto and incorporated by reference as Exhibit 3.

12. The Defendants did not prohibit the entry of workers with an entry permit into or out of Dare County and did not prohibit the entry or exit of residents of Dare County, North Carolina under any of said emergency declarations.

13. The Defendants did not prohibit the entry of citizens of Currituck, Tyrrell, or Hyde County into Dare County.

14. The Declaration prohibiting the entry of all non-resident property owners was effective from March 20, 2020 at 10:00 p.m. until it was partially lifted on Monday, May 4, 2020, was then again partially lifted on Wednesday, May 6, 2020, and then was completely lifted as to all non-resident property owners on May 8, 2020.

15. The Declaration of Emergency identified as Exhibit 3 constituted a governmental regulation enacted by various bodies politic of the State of North Carolina who had the authority to issue said prohibitions.

16. The Plaintiffs, Joseph E. Blackburn, Jr. and Linda C. Blackburn, his wife, are the non-resident owners of a tract or parcel of land in the City of Frisco, Atlantic Township, Dare County, North Carolina, with a vacation home situated thereon which was acquired by them by deed recorded in Book 1936, page 71 on July 22, 2013 in the Office of the Register of Deeds of Dare County.

17. The Declaration, identified as Exhibit 3, prohibiting the entry of all non-resident property owners is and was a temporary complete taking by regulation by the governmental units, which are the Defendants herein, of the Plaintiffs' property rights as the Plaintiffs had no rights whatsoever to and in their real property in Dare County but were subjected to continual taxes and such utilities bills as may be required.

18. For 45 days, the Defendants imposed a regulatory scheme upon the real property of the Plaintiffs and other similarly situated non-resident property owners in Dare County and within the various Defendant municipalities which was a temporary complete taking of their real property.

19. The Plaintiffs, and other similarly situated non-resident property owners, have suffered damage by the temporary complete taking of their property as they have lost the fair market rental value and value of use of said property by governmental regulations for 45 days.

## CLASS ACTION ALLEGATIONS

While reserving the right to redefine or amend the class definition prior to seeking class certification, including seeking bifurcation of issues that are not amenable to resolution on a class wide basis pursuant to Federal Rule of Civil Procedure 23, Plaintiff seeks to represent a Class of all persons who, on or after March 20, 2020 at 10:00 p.m. (the "Class Period"), were non-resident property owners of certain real properties within Dare County, North Carolina and within the various Defendant municipalities.

20. The members in the proposed Class are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of all Class members in a single action will provide substantial benefits to the parties and the Court.

21. Questions of law and fact common to Plaintiffs and the Class include:

A. Whether the regulation of the emergency Declaration dated March 20, 2020, a copy of which is attached hereto as Exhibit 3, was and constituted a complete temporary taking of the Plaintiffs' real property and other non-resident property owners so as to be a taking under the 5th and 14th Amendments to the United States Constitution.

B. The only other issue is the amount of damages suffered by the Plaintiffs and others similarly situated.

22. Those common questions of law and fact predominate over questions that affect only individual Class members.

23. Plaintiffs' claims are typical of Class members' claims because they are based on the same underlying facts, events, and circumstances relating to the Defendant Dare County's and the Defendants' Towns conduct. Specifically, all Class

6

members, including Plaintiffs, were subjected to a regulatory taking of their real property that prevented all use of said property.

24. Plaintiffs will fairly and adequately represent and protect the interests of the Class; they have no interests incompatible with the interests of the Class; and they have retained counsel competent and experienced in class action litigation.

25. Class treatment is superior to other options for resolution of the controversy because the relief sought for each Class member is small, such that, absent representative litigation, it would be infeasible for Class members to redress the wrongs done to them.

26. As a result of the foregoing, class treatment is appropriate under Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3). In addition, it may be appropriate pursuant to Fed. R. Civ. P. 23(c)(4), to maintain this action as a class action with respect to particular issues.

## CLAIM FOR RELIEF

### A Claim under 42 U.S.C §1983 seeking compensation for a governmental "taking" of private property pursuant to the 5th and 14th Amendments of the United States Constitution.

27. The allegations contained in paragraphs 1 thru 26 are reincorporated and realleged as if fully set forth herein.

28. The emergency order going into effect on March 20, 2020 prevented the named Plaintiffs, and all similarly situated non-resident class members, from accessing or having any use of their properties located within Dare County, North Carolina and the corresponding municipal Defendants, for a minimum period of forty five (45) days.

29. The emergency order preventing non-resident property owners, including the Plaintiffs, from use and access of their real property, constituted a "taking" pursuant to the 5th and 14th Amendments of the United States Constitution.

30. The Plaintiffs, and all class members, are entitled to compensation for the taking on their property.

31. The Plaintiffs and other similarly situated non-resident property owners have suffered damage by the temporary complete taking of their property as they have lost the fair market rental value and value of use of said property by governmental regulations for 45 days, and seek compensation for said loss.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs, on behalf of themselves and all others similarly situated property owners, pray for judgment against Defendants, Dare County and the Towns of Duck, Southern Shores, Kitty Hawk, Kill Devil Hills, Nags Head, and Manteo, and seek the following remedies:

1. An Order certifying the Plaintiffs, and all similarly situated non-resident property owners, as a "class" as that term is defined under Rule 23 of the Federal Rules of Civil Procedure.

2. An Order requiring the Defendant Dare County and the Defendant Towns of Duck, Southern Shores, Kitty Hawk, Kill Devil Hills, Nags Head, and Manteo to bear the costs of class notice;

3. An Order requiring Dare County and the Towns of Duck, Southern Shores, Kitty Hawk, Kill Devil Hills, Nags Head, and Manteo to pay all actual, compensatory damages for a temporary complete taking of the Plaintiffs', and all similar situated non-property resident, real estate property rights;

4. Pre- and post-judgment interest as allowed by law;

5. An award of attorney's fees and costs as allowed by law pursuant to 42 U.S.C. §1983; and

6. Such other and further relief for Plaintiffs and the Class as the Court deems appropriate and just.

## JURY DEMAND

Plaintiffs hereby demands a trial by jury.

This the 15th day of May, 2020.

**PRITCHETT & BURCH, PLLC**

By: /s/<u>Lloyd C. Smith, Jr.</u>
    Lloyd C. Smith, Jr.
    Pritchett & Burch, PLLC
    Attorney at Law
    Post Office Drawer 100
    Windsor, NC 27983
    Telephone: (252)794-3161
    Bar Number: 6855
    lsmith@pb-attorneys.com
    Attorney for Plaintiffs

By:/s/<u>Lloyd C. (Clif) Smith III</u>
    Lloyd C. (Clif) Smith, III
    Pritchett & Burch PLLC
    Attorney at Law
    Post Office Drawer 100
    Windsor, NC 27983
    Telephone: (252)794-3161
    Bar Number:38518
    csmith@pb-attorneys.com
    Attorney for Plaintiffs